UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHEILA J. PLATNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0353-CVE-FHM |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant State Farm Mutual Automobile Insurance Company's Opposed Motion to Abate Proceedings, or, In the Alternative, Motion to Stay Proceedings (Dkt. # 12). Defendant State Farm Mutual Automobile Insurance Company (State Farm) asks the Court to abate or stay these proceedings to allow it to complete its investigation of plaintiff's insurance claim. Plaintiff responds that she complied State Farm's request to appear for an examination under oath (EUO) with her two adult children, and State Farm opted to examine her adult children only within the allotted time. She claims that she has no further obligation to provide information to State Farm, and she should be permitted to proceed with her lawsuit as if State Farm has denied her theft claim.

**I.**

Plaintiff had automobile insurance with State Farm for her 2006 Chevrolet Cobalt, and was insured under policy number 70 1565-A01-36C (the Policy). Dkt. # 20, Ex. 1. Plaintiff claims that her car was stolen on or about November 16, 2008. She reported the theft to the police and submitted a theft claim to State Farm. Dkt. # 2-2, at 2. The Rogers County Sheriff's Department subsequently found plaintiff's car, but it had been burned and was no longer operable. On

December 22, 2008, State Farm notified plaintiff that it would be contacting an attorney to set up an EUO of plaintiff, and it would make reasonable accommodations based on plaintiff's schedule. Dkt. # 12, Ex. 1. State Farm referred plaintiff's claim to Eileen Morris, an attorney, to conduct the EUO and gather additional information. On January 7, 2009, Morris asked plaintiff to submit documents to establish the value of the vehicle, cell phone records, and financial information. Id., Ex. 2, at 1-2. Plaintiff and her two adult children agreed to appear for an EUO on February 26, 2009. Id., Ex. 4.

Plaintiff and her adult children appeared for an EUO on February 26, 2009, and Morris began taking the EUOs at 10:00 a.m. State Farm claims that Morris took the EUOs of plaintiff's children first, because they needed to return to work. When Morris was finished with the EUOs of plaintiff's children, it was after 6 p.m. and Morris did not have time to take plaintiff's EUO. Morris informed plaintiff that she would have to reschedule plaintiff's EUO. On March 5, 2009, State Farm sent a letter to plaintiff informing her that her claim was still pending and it would be approximately 60 days before State Farm completed its investigation. State Farm also asked plaintiff to reschedule her EUO and provide the previously requested documentation. Dkt. # 20, Ex. 3. Plaintiff claims that she sent a letter to State Farm on March 6, 2009, stating:

> I would like to know when you will have this investigation completed. It has already been over 120 and twenty days [sic] and something should have already been done. I have already lost a day's pay from both of my jobs for the last time I came in and you didn't get to me. It is hard for me to get off work again. If you can compensate me for my time and guarantee to make it three hours or less I could try to work something out with my employers and meet you again for my [EUO].

Dkt. # 17, Ex. 2. State Farm claims that it never received this letter. Instead, State Farm has produced a different letter and copy of a certified mail envelope showing that plaintiff sent the following letter to State Farm on March 6, 2009:

2

> I'm requesting that claim number 36-A592-169 be paid immediately. My car was stolen on November 16, 2008. It has been one hundred and eleven days since the theft of my car. This is putting me in a hardship since I have responsibilities and no vehicle. The vehicle that I'm currently using is borrowed and needs to be returned to its owner.
>
> A response is needed by the end of business on March 16, 2009.

Dkt. # 20, Ex. 2.

Regardless of which letter was actually sent on March 6, 2009, plaintiff claims that State Farm did not respond to her letter until March 20, 2009. However, State Farm has produced a letter that was sent to plaintiff on March 13, 2009, noting that plaintiff had retained an attorney and her attorney would not return Morris' calls. Id., Ex. 3. State Farm continued to contact plaintiff directly, because plaintiff's attorney would not return State Farm's calls, nor had plaintiff's attorney sent State Farm a letter stating that he would be representing plaintiff concerning her theft claim. On March 20, 2009, State Farm notified plaintiff that her claim would remain pending until she appeared for an EUO and her son provided additional information. Dkt. # 12, Ex. 7.

On March 25, 2009, plaintiff filed this lawsuit in the District Court of Rogers County, Oklahoma, alleging claims of breach of contract and bad faith against State Farm based on its failure to pay plaintiff's theft claim. Dkt. # 2-2. On March 31, 2009, Morris sent an e-mail to State Farm stating that she had talked to plaintiff, and plaintiff refused to appear for an EUO. Morris also noted that plaintiff had filed this lawsuit and Morris would be terminating her investigation of plaintiff's theft claim. Dkt. # 12, Ex. 8.

**II**.

State Farm argues that plaintiff has not completed all conditions precedent necessary to file a lawsuit, and the case should be abated while provides additional information about her claim to State Farm. Plaintiff responds that she appeared for an EUO and Morris "ignored" her, and she should not be required to wait before proceeding with her lawsuit. Dkt. # 17, at 3. She also claims that State Farm has violated OKLA. STAT. tit. 36, § 3629 by not completing its investigation within 90 days of the filing of plaintiff's theft claim, and she was justified in filing suit before waiting for State Farm's decision on her claim. Dkt. # 17, at 5.

State Farm is correct that the Policy allows it to request an EUO of an insured before issuing a decision on a claim. The Policy provides that the insured must cooperate with State Farm during an investigation and assist State Farm when asked. Dkt. # 20, Ex. 1, at 28. In addition, the insured must "submit to an [EUO], provide a statement under oath, or do both, as reasonably often as *we* require." Id. State Farm asserts that plaintiff may not proceed with her lawsuit until she complies with these conditions, and cites Connecticut Fire Ins. Co. of Hartford, Connecticut v. George, 153 P. 116 (Okla. 1915), in which the Oklahoma Supreme Court held that an insured is barred from recovering under an insurance policy if he refuses to answer relevant questions during an EUO. However, it is undisputed that plaintiff did appear for an EUO and State Farm opted to take the EUOs of plaintiff's children before getting to plaintiff. Thus, Connecticut Fire Insurance does not require dismissal or abatement of plaintiff's claims. This is not a situation when plaintiff appeared for an EUO and failed to answer questions. Instead, plaintiff appeared for her EUO and State Farm declined to take it on that date. This does not mean that State Farm is barred from taking plaintiff's EUO on another occasion or that plaintiff may simply refuse to appear for an EUO under reasonable

conditions. In fact, plaintiff's refusal to comply with a reasonable request to take an EUO on another date may be an indication that State Farm has not acted in bad faith by pending plaintiff's claim. However, it does mean that <u>Connecticut Fire Insurance</u> does not bar plaintiff from proceeding with her lawsuit.

Plaintiff's complaints about the length of time her claim was pending before she filed suit are somewhat overstated, and it appears that State Farm had legitimate reasons to investigate her claim. Plaintiff submitted an Affidavit of Vehicle Theft to State Farm on November 25, 2008. Dkt. # 17, Ex. 1. The affidavit states that plaintiff purchased a new 2006 Chevrolet Cobalt in March 2008, and the vehicle had traveled 98,000 miles at the time of the theft. Plaintiff also stated she was behind one month on her payments and she still owed over $14,000 on the vehicle. Plaintiff did not check any box when asked if her answers were "true to the best of her knowledge and belief." <u>Id.</u> at 2. It is possible that some of this information is the result of unintentional error by plaintiff when completing the affidavit. However, based on these facts, it was not unreasonable for State Farm to request additional information about plaintiff's theft claim.

State Farm is also correct that its failure to comply with § 3629 at most deprives it of the right to seek attorney fees from plaintiff, but it does waive any rights or obligations State Farm may have under the Policy. Section 3629 provides:

> A. An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.
>
> B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section,

> the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

OKLA. STAT. tit. 36, § 3629.  The purpose of § 3629 is to "encourage the prompt settlement of claims, in part by offering the prevailing party attorney fees." Ass'n of County Comm'rs of Oklahoma v. Nat'l American Ins. Co., 116 P.3d 206, 212 (Okla. Civ. App. 2005).  The Oklahoma Supreme Court has held that failure to comply with § 3629 simply results in waiver of the insurer's right to obtain in attorney fees in subsequent litigation over the disputed insurance claim, and no other sanction is permitted under the statute. Shinault v. Mid-Century Ins. Co., 654 P.2d 618 (Okla. 1982).  The insurer's failure to comply with § 3629 is not evidence of bad faith, nor is an insurer barred from an investigating a claim after 90 days has expired. Hale v. A.G. Ins. Co., 138 P.3d 567, 571-72 (Okla. Civ. App. 2006).  State Farm's failure to issue a decision on plaintiff's claim within 90 days does not automatically give plaintiff the right to file suit or even deem her claim as denied but, given that plaintiff had already appeared for an EUO, the Court does not find that plaintiff acted unreasonably by filing suit on March 25, 2009.

The Court declines to stay these proceedings but notes that plaintiff's decision to file suit in March 2009 may have been premature.  At this time, her claim has not been denied, and State Farm's investigation has not been completed due to plaintiff's failure to fully cooperate with State Farm's investigation.  This may make it difficult for plaintiff to prove her claims against State Farm, and it is likely that she will obtain a speedier resolution of her theft claim by complying with reasonable requests for information from State Farm.  However, State Farm has not shown that these proceedings should be abated or stayed, and plaintiff may proceed with her lawsuit.

**IT IS THEREFORE ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Opposed Motion to Abate Proceedings, or, In the Alternative, Motion to Stay Proceedings (Dkt. # 12) is **denied**.

**DATED** this 20th day of August, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT