UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHEILA J. PLATNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0353-CVE-FHM |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff Sheila J. Platner's First Motion in Limine (Dkt. # 59). Plaintiff asks the Court to exclude the "activity log" maintained by defendant State Farm Mutual Automobile Insurance Company (State Farm) for plaintiff's theft claim, because the activity log contains unreliable hearsay that is not admissible at trial. State Farm responds that plaintiff has designated parts of the activity log as evidence which she intends to use at trial, and she has waived any objection to the admissibility of the activity log. State Farm also argues that the activity log is relevant to show State Farm's knowledge of certain facts when it considered plaintiff's theft claim and, even if certain statements contained in the activity log are inadmissible hearsay, the activity log as a whole should not be excluded.

On March 29, 2009, plaintiff filed this case alleging that State Farm breached an automobile insurance policy and acted in bad faith by failing to pay her theft claim. Plaintiff claims that her car, a 2006 Chevrolet Cobalt, was stolen around 4:00 a.m. on November 16, 2008. The vehicle was later found near Oolagah Lake and it had been burned. State Farm opened a file for plaintiff's claim and assigned Mike Owen to handle plaintiff's claim. Plaintiff also contacted the Rogers County

Sheriff's Office (Sheriff's Office), and Deputy Adam Hull investigated plaintiff's claim that her car was stolen. Hull interviewed plaintiff and her son, Brandon Harton, and became suspicious that either plaintiff or her son may have been responsible for the burning of the vehicle. Owen contacted the Sheriff's Office and learned that Hull had "strong suspecion [sic]" that plaintiff or her son were involved in the alleged theft and burning. Dkt. # 59, Ex. 1, at 24. Based on Owen's conversation with the Sheriff's Office, he referred the claim to a manager for further review. State Farm assigned plaintiff's theft claim to Steve Shed. Hull advised Shed that he believed that Brandon Harton was involved in the theft, and he hoped to have enough evidence to obtain an arrest warrant after additional investigation. Id. at 21. By March 2009, State Farm had not paid or rejected plaintiff's theft claim, and she demanded that State Farm immediately pay her claim. State Farm informed plaintiff that it had not completed its investigation of plaintiff's theft claim, and declined to pay her claim until it gathered more information. Plaintiff filed this lawsuit when State Farm refused to immediately pay her theft claim. The notes and observations of State Farm's employees were recorded in an activity log. The activity log contains a history of State Farm's investigation and it does include statements made by third parties to Owen and Shed during the investigation.

Plaintiff asks the Court to exclude the activity log because (1) it is inadmissible under the business records exception to the hearsay rule, (2) it contains the unreliable statements of State Farm employees and Sheriff's Office deputies, and (3) it is inadmissible under Fed. R. Evid. 403. Dkt. # 59. State Farm responds that plaintiff has waived any objection to the admissibility of the activity log, because she intends to use portions of the activity log that she views as favorable to her case. Dkt. # 63, at 1-2. State Farm also argues that the activity log is admissible under the business

records exception and the mental impressions and opinions of its employees contained in the activity log are not hearsay. Id. at 2-5.

State Farm correctly notes that not every statement in the activity log is hearsay. Much of the activity log is simply recorded notes of State Farm employees without reference to the statements of third parties. Even the third party statements in the activity log are not automatically hearsay if the statements are used for a purpose other than to prove the truth of the statement. For example, State Farm argues that the activity log is relevant to show what State Farm knew and why it chose not to pay plaintiff's claim, regardless of the truth of the statements in the activity log. Dkt. # 63. Plaintiff responds that the "self-serving" opinions of State Farm employees should be excluded, because the opinions are cumulative of witness testimony that will be presented at trial and the "mental impressions . . . of State Farm's employees are not probative" of any relevant fact. Dkt. # 59, at 7. State Farm is a corporation that must act through its employees, and the statements of State Farm's employees contained in the activity log may be relevant at trial. The Court will not exclude the entire activity log based on plaintiff's argument that certain statements contained in the activity log may be cumulative or inadmissible.[1]

Plaintiff argues that the activity log is simply a "compilation of numerous out of court statements from several witnesses," and this type of evidence is not admissible under the business records exception. Dkt. # 59. State Farm acknowledges that some statements in the activity log

---

[1] Plaintiff argues that State Farm employees had "employment and financial motives to deny [p]laintiff's theft claim," but offers no evidence to support this statement. Dkt. # 59, at 7. Plaintiff may ask State Farm employees relevant questions about any bias they may have in favor of their employer, but plaintiff has cited no authority supporting her argument that statements in a claims file or activity log are automatically excluded due to the potential bias of an insurer's employees.

3

qualify as hearsay, but argues that the hearsay statements are admissible under the business records exception. Under Fed. R. Evid. 803(6), a hearsay statement is not excluded if it is recorded in a "memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of the business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian . . ., unless the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness." For evidence to be admissible under the business records exception, the proponent of the records must show that the records "(1) have been prepared in the normal course of business; (2) have been made at or near the time of the events recorded; (3) be based on the personal knowledge of the entrant or of a person who had a business duty to transmit the information to the entrant; and (4) indicate the sources, methods and circumstances by which the record was made trustworthy." United States v. Rogers, 556 F.3d 1130, 1136 (10th Cir. 2009) (quoting United States v. Ary, 518 F.3d 775, 786 (10th Cir. 2008)).

To the extent that the activity log does contain hearsay statements, the activity log must meet the business records exception for the hearsay statements to be admissible. However, plaintiff's arguments do not show that the entire activity log should be excluded, and the Court declines to consider the admissibility of specific statements in the activity log without providing the parties an opportunity to raise more focused arguments. Plaintiff is asking the Court to make determinations about the credibility of witnesses and exclude portions of the activity log due to plaintiff's belief that certain witnesses are unreliable. In particular, plaintiff claims that the activity log contains unreliable hearsay statements allegedly made by Hull. She claims that Hull and other Sheriff's

4

Office deputies had no specialized training in investigating arson or insurance fraud, and Hull's statements are not corroborated by any independent evidence. It is unlikely that the Court will need to resolve this issue, because State Farm states that Hull will be called as a witness at trial. Dkt. # 63, at 3. Hull can testify about his investigation and provide direct testimony about his findings and, if plaintiff believes that Hull is not a reliable witness, she may cross-examine Hull and attempt to show his alleged lack of qualifications to investigate arson or insurance fraud. Thus, State Farm may not need to rely on the activity log to introduce Hull's statements at trial, and the Court will rule on a hypothetical hearsay objection that is unlikely to arise at trial.

Plaintiff argues that the activity log should be excluded under Rule 403, because statements in the activity log have the potential to mislead or confuse the jury. Dkt. # 59, at 1, 10. Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Fed. R. Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir. 2000)). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006); Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214 (10th Cir. 2000); Joseph v. Terminex Int'l Co., 17 F.3d 1282, 1284 (10th Cir. 1994). Plaintiff's argument is very general and she does not cite any

specific statement in the activity log that should be excluded under Rule 403. It would be improper to exclude the entire activity log under Rule 403, because the notes and observations of State Farm employees are clearly relevant to State Farm's defense and use of this evidence is not unfairly prejudicial to plaintiff. Plaintiff may object to the admissibility of specific statements at trial, but her blanket argument to exclude the activity log under Rule 403 should be denied.

State Farm is also correct that plaintiff has designated selected parts of the activity log for use as an exhibit at trial. See Dkt. # 56, at 6-7 (pretrial order). While this does not entirely waive objections to hearsay statements in the activity log, it does undercut plaintiff's argument that the entire activity log should be excluded and suggests that she does not view the entire activity log as an unreliable business record. If State Farm attempts to use particular statements from the activity log at trial, plaintiff may assert her specific objections at that time. However, plaintiff has not shown that the entire activity log is inadmissible, and her motion in limine should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff Sheila J. Platner's First Motion in Limine (Dkt. # 59) is **denied**.

**DATED** this 18th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT