UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHEILA J. PLATNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-0353-CVE-FHM |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant State Farm Mutual Automobile Insurance Company's Motion to Exclude Non-Disclosed Witness and Evidence and Request for Expedited Relief Concerning Same (Dkt. # 68). State Farm Mutual Automobile Insurance Company (State Farm) asks the Court to prevent plaintiff from calling Rogers County Sheriff Scott Walton as a witness at trial, because he was not listed as a witness on the final pretrial order. Plaintiff responds that Walton's testimony is necessary only because Rogers County Sheriff's Deputy Adam Hull has stated that he will attending training out of state and will not be able to testify at trial. Instead of enforcing the subpoena served on Walton, plaintiff asks the Court to order Hull to be on call during the trial and miss his previously-scheduled training. Dkt. # 71, at 5-6.

This case is set for trial on June 28, 2010 at 9:30 a.m. on plaintiff's claim for breach of insurance contract. Plaintiff alleges that State Farm breached an automobile insurance policy by failing to pay her theft claim. State Farm has identified Hull as a trial witness in the final pretrial order, and states that Hull "investigated the loss made the basis of this lawsuit . . [and] has knowledge of the investigation . . . ." Dkt. # 56, at 25. On June 21, 2010, plaintiff served a subpoena

on Hull directing him to attend trial in the event she needs to call him as a rebuttal witness, and the subpoena commanded Hull to bring his complete investigative file. Dkt. # 68, Ex. 1, at 4. Hull informed plaintiff's counsel that he would be out of state at training, and would not be able to testify until July 1, 2010. On June 22, 2010, plaintiff served a subpoena on Walton ordering him to appear as a rebuttal witness and to produce the complete personnel file for Rogers County Sheriff's Deputy Adam Hull. Id. at 1-2. However, plaintiff did not identify Walton as a witness in the final pretrial order and she did not list Hull's personnel file as an exhibit. See Dkt. # 56. State Farm listed Hull as a witness in the final pretrial order, and Hull also informed State Farm that he would unavailable to testify until July 1, 2010 because he would be attending training outside of Oklahoma. Hull has submitted an affidavit stating that the training will not be offered again and the airfare and hotel accommodations are pre-paid and non-refundable. Dkt. # 68, Ex. 4. Walton will also be attending the same training and has made the same non-refundable airline and hotel reservations. Id., Ex. 3. State Farm had previously served a subpoena on Hull on April 22, 2010 and identified him as witness in the pretrial order.[1] Id., Ex. 5. State Farm states that Hull can be called as a witness on July 1, 2010 or his testimony can be presented by deposition if he is unavailable to testify.

Under Fed. R. Civ. P. 16(e), a court may modify a final pretrial order after the pretrial "only to prevent manifest injustice." When a party seeks to amend the final pretrial order, a district court should consider four factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." Davey v. Lockheed Martin Corp., 301 F.3d

---

[1] Plaintiff listed Hull as a rebuttal witness in the final pretrial order, but did not serve him with a subpoena until June 21, 2010. Id., Ex. 2. The subpoena also directed Hull to bring the complete investigative file for plaintiff's theft allegation.

1204, 1210 (10th Cir. 2002). A court should also consider the timeliness of the request to amend the pretrial order. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1223 (10th Cir. 2000). The party seeking to amend the final pretrial order has the burden to prove that manifest injustice will result unless the final pretrial order is amended. Davey, 301 F.3d at 1208.

State Farm argues that plaintiff should not be permitted to call Walton as a rebuttal witness, because she did not disclose Walton as a witness in the final pretrial order or request an amendment to the final pretrial order. It is clear that plaintiff did not timely serve subpoenas on Hull or Walton and plaintiff's delay in preparing for trial has caused the current problem. The Court entered a scheduling order in November 2009 setting this case for trial on June 21, 2010. Although the Court moved the trial to June 28, 2010, plaintiff should have begun preparing for trial and serving subpoenas on potential witness long before this week. Plaintiff did not request an amendment to the pretrial order and did not notify State Farm that she had served a subpoena on Walton. Instead, State Farm learned of the subpoena when it spoke to Hull to arrange for his testimony based on the June 28, 2010 trial date. This shows that plaintiff made no attempt to minimize any prejudice to State Farm and weighs strongly against permitting plaintiff to call Walton as a rebuttal witness.

In addition, even if the Court were to assume that plaintiff's use of Walton as a rebuttal witness would not prejudice State Farm, this would not resolve the problem raised in State Farm's motion. Plaintiff states that she intends to use Walton's testimony only because Hull will not be available to testify, and she did not know that she might need to call Walton as a rebuttal witness. Dkt. # 71, at 5-6. However, Walton will also be out of town at the same training as Hull and the Court will not require Hull or Walton to cancel their pre-paid travel plans to attend training. Plaintiff's demand for Hull to testify at trial and forego previously scheduled and paid-for training

is unreasonable, especially when there is another alternative to Hull's live testimony at trial. State Farm has proposed that the parties may use Hull's deposition testimony at trial, in lieu of requiring him to cancel his travel of plans or delaying the trial. Plaintiff claims that this is not a reasonable alternative, because she will be deprived of the opportunity to cross-examine Hull at trial and the jury will not be able to assess his credibility. Id. at 3. This is an inherent detriment with using deposition testimony in the place of live testimony, but this does not show that plaintiff's untimely subpoena on Hull should enforced. Hull has agreed to testify when he returns on July 1, 2010 if his testimony is still needed, and there is no indication that Hull is attempting to avoid compliance a subpoena, as long as he is present in the state and able to attend trial. State Farm's willingness to use Hull's deposition testimony also alleviates the need for plaintiff to call Walton as a rebuttal witness, and there is no reason to amend the final pretrial order to include Walton as a potential witness for plaintiff.

The Court finds that plaintiff may not use Walton as a rebuttal witness at trial, because it would prejudice State Farm and State Farm has proposed a reasonable alternative that will permit the parties to present Hull's testimony. Plaintiff proposes to use Walton's testimony as a substitute for Hull's testimony, but it is clear that Hull is the witness with knowledge of the criminal investigation into plaintiff's theft allegations. The parties have deposed Hull and may use his deposition testimony at trial. If the trial is still ongoing on July 1, 2010, Hull will be available to testify and these issues will become moot. However, the parties are advised that the Court will not extend the trial simply to allow Hull to testify in person, because Hull was deposed and neither party will be prejudiced if Hull does not testify in person.

**IT IS THEREFORE ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion to Exclude Non-Disclosed Witness and Evidence and Request for Expedited Relief Concerning Same (Dkt. # 68) is **granted**.  Plaintiff may not call Walton as a rebuttal witness or use evidence requested in subpeonas served on Hull or Walton if the evidence was not identified in the final pretrial order.

**DATED** this 25th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT